**MEMORANDUM ENDORSED**



Edward Y. Kroub – Partner
200 Vesey Street, 24th Floor
New York, NY 10281
P: (212) 595-6200 | F: (212) 595-9700
Ekroub@mizrahikroub.com
www.mizrahikroub.com

July 8, 2022

<u>VIA ECF</u>

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/12/2022

    Re:    *Ortega v. Dona Chai LLC*; <u>Case No. 1:22-cv-1526-GHW</u>

Dear Judge Woods:

    We represent plaintiff Juan Ortega ("Plaintiff") in the above-referenced action and write in response to Defendant's letter of July 8, 2022 (*see* Docket No. 16) and the Court's Order of the same date. *See* Docket No. 17.

    Plaintiff's counsel begins this letter with an apology to the Court and Defendant's counsel for assuming that Defendant agreed that the July 14 conference was no longer necessary. Plaintiff's counsel takes responsibility for this error and provides the following not to excuse this erroneous assumption, but rather to explain why Plaintiff reached this conclusion.

    Defendant's request for a conference was made in its portion of the parties' July 6, 2022 letter. *See* Docket No. 13. In that letter, Defendant expressed frustration that, despite two telephonic settlement negotiations between the parties' respective counsel, the parties had not yet resolved the case. *Id.*, at p.2. Defendant further stated that "Defendant's website has been updated to include handicapped accessible features which the Complaint complained were not present. Thus, **the only issue in this case is damages associated with Plaintiff's purported effort to access my client's website**". *See* Docket No. 13, at p.2. (emphasis added). Defendant thus sought "an in-person court conference – with Plaintiff present – to discuss the resolution of this case." *Id*.

    On July 7, 2022, the Court granted Defendant's request for a conference, which the Court scheduled for July 14, 2022. Docket No. 14. During the afternoon of July 7, 2022, the parties agreed—via email—to a lumpsum settlement payment to resolve this matter and Plaintiff's counsel wrote that they would send Defendant a draft settlement agreement so Defendant could review the remediation provision Plaintiff was requesting. Defendant did not object to this plan.

    As Plaintiff reasonably believed the parties had reached an agreement in principle to settle this matter, Plaintiff filed a Notice of Settlement at approximately noon on July 8, 2022. *See*

**MIZRAHI KROUB LLP**

Hon. Gregory H. Woods
July 8, 2022
Page 2

Docket No. 15. Because the parties had reached an agreement as to the monetary terms of the settlement—which, according to Defendant's portion of the July 7, 2022 letter, "was the only issue in this case" that remained and was thus the reason Defendant was seeking a settlement conference in the first place—Plaintiff's counsel assumed Defendant no longer believed a settlement conference was necessary. Thus, Plaintiff's Notice of Settlement requested, on behalf of all parties, an adjournment of all conferences. *Id*.

Plaintiff's counsel regrets requesting, on behalf of all parties, an adjournment of all conferences without first explicitly checking with Defendant's counsel and apologizes for this error. Plaintiff's counsel did not intend to mislead the Court or anyone else and will, in the future, confirm with opposing counsel before making such a request.

Additionally, this afternoon Plaintiff's counsel sent a draft settlement agreement to Defendant's counsel and asked Defendant's counsel to approve it. Given that the parties have reached an agreement on the monetary terms of settlement and that Defendant is reviewing a proposed settlement agreement, Plaintiff respectfully submits that a conference to discuss settlement is no longer necessary and should be adjourned to allow their direct negotiations to continue. Of course, if the parties reach an impasse and cannot agree on the language of a written settlement agreement, either party can, at that time, request a settlement conference with the Court.

We thank the Court for its consideration of the above request.

Respectfully submitted,
/s/ Edward Y. Kroub
EDWARD Y. KROUB

cc:   All Counsel of Record (via ECF)

---

Application granted in part and denied in part. The Court declines to adjourn the conference scheduled for July 14, 2022 *sine die*. Instead, that conference is adjourned to July 21, 2022 at 3:00 p.m. unless a stipulation of dismissal is filed by Plaintiff prior to that conference. See F.R.C.P. 41(a)(1)(A)(i). That conference will take place in Courtroom 12C, Daniel Patrick Moynihan Courthouse, 500 Pearl St., New York, NY 10007.

The Clerk of Court is directed to terminate the motion at Dkt. No. 18.

SO ORDERED.

Dated: July 12, 2022
New York, New York

GREGORY H. WOODS
United States District Judge